UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN SILVA, PH.D., | No. 1:19-cv-00795-LJO-EPG |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES |
| YOSEMITE COMMUNITY COLLEGE DISTRICT, a government entity for the State of California, | (Doc. No. 18) |
| Defendant. | |

**INTRODUCTION**

Plaintiff Bryan Silva, Ph.D., formerly known as Frank Drummond, initiated this matter by filing his third lawsuit against defendant Yosemite Community College District on June 6, 2019. (Doc. No. 1.)  Therein, based upon his allegations that defendant discriminated against him for being a "white male of older age" with prior criminal charges having been brought against him, he asserted causes of action for:  1) harassment; 2) "disparate impact"; 3) hostile work environment; 4) failure to prevent harassment, discrimination, and retaliation; 5) employment discrimination; 6) "disparate treatment"; 7) tortious interference with economic advantage; 8) negligent interference with economic advantage; 9) injunctive relief; and 10) declaratory relief. (*See generally id.*)

/////

1

On December 17, 2019, the previously assigned district judge granted defendant's motion to dismiss plaintiff's complaint with prejudice. (Doc. No. 15.) On January 14, 2020, defendant filed a motion seeking an award of attorneys' fees in the amount of $24,020.50 incurred in defending against this action. (Doc. No. 18.) Plaintiff filed an opposition to the pending motion on January 28, 2020. (Doc. No. 19.) Defendant filed its reply on February 4, 2020. (Doc. No. 21.)

The court has determined the motion for attorneys' fees is suitable for decision based on the papers under Local Rule 230(g) and, for the reasons explained below, will deny defendant's motion for attorneys' fees.

## BACKGROUND

An extensive recitation of the parties' litigation history is contained in the previously assigned district judge's order granting defendant's motion to dismiss. (Doc. No. 15 at 2–7.) Here, the court only briefly addresses the facts to the extent relevant to this order.

Plaintiff filed three different lawsuits against defendant in state and federal court. All three lawsuits arise from an incident that occurred over ten years ago. On August 28, 2009, plaintiff, a tenured professor at Modesto Junior College, was arrested at a staff meeting. (Doc. No. 1 ¶¶ 1, 13.) Plaintiff's criminal trial on the charges stemming from that arrest ended in a hung jury in April 2015. (*Id.* ¶ 14.) The Stanislaus County District Attorney did not re-try the case and subsequently dismissed the criminal charges against plaintiff. (*Id.*)

Since 2015, plaintiff has filed three actions against this defendant, alleging various employment-related causes of action. (Doc. No. 1; Doc. No. 8-3, Ex. B at 8–25, Ex. E at 64, Ex. F at 95.) On December 17, 2019, the then-assigned district judge granted defendant's motion to dismiss plaintiff's complaint with prejudice, reasoning that most of plaintiff's claims were barred by *res judicata*. (Doc. No. 15 at 12–13.) Indeed, the court noted that a "significant portion of the Third Action comprises near-verbatim allegations from the dismissed Second Action." (Doc. No. 15 at 7.) The court further held that any "new" allegations regarding defendant's alleged conduct were either extensions of plaintiff's previously dismissed claims or failed to state cognizable

/////

2

federal claims.  (*Id.* at 13–20.)  Therefore, the court granted defendant's motion to dismiss this action in its entirety with prejudice.

## LEGAL STANDARDS

Title VII provides that in "any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." 42 U.S.C. § 2000e-5(k).  "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421–22 (1978).  However, the Supreme Court has warned district courts against the "understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993) (citing *Christiansburg*, 434 U.S. at 421–22).  Instead, in assessing a motion such as the defendant's here, courts must analyze "plaintiff's reasonable belief at the beginning of litigation." *Zetwick v. Cty. of Yolo*, No. 2:12-cv-02486-TLN-AC, 2015 WL 5600349, at *2 (E.D. Cal. Sept. 22, 2015) (citing *Bruno's Restaurant*, 13 F.3d at 288–90).

Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances.  *Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir. 1991); *Mitchell v. Office of L.A. Cty. Superintendent of Schs.*, 805 F.2d 844, 848 (9th Cir. 1986).  Because Congress intended to promote vigorous enforcement of civil rights laws, "a district court must exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be 'airtight.'" *Bruno's Restaurant*, 13 F.3d at 287 (quoting *Christiansburg*, 434 U.S. at 422). In particular, "[c]ourts should be cautious when considering an award to a prevailing defendant where the lawsuit was initiated by a party with limited financial resources or one who is appearing *pro se*." *Wal-Mart Stores, Inc. v. City of Turlock*, 483 F. Supp. 2d 1023, 1028 (E.D. Cal. 2007) (citing *Miller v. L.A. Cty. Bd. of Educ.*, 827 F.2d 617, 619–20 (9th Cir. 1987)).

With these standards in mind, the court turns to defendant's grounds for seeking attorneys' fees.

3

**ANALYSIS**

Defendant argues that plaintiff's case lacked merit at the outset of this litigation. (Doc. No. 18 at 7.) Defendant now moves to recoup $24,020.50 in attorneys' fees allegedly incurred in defending itself against plaintiff's Title VII claims only. (*Id.* at 7, 9–10.) Plaintiff suggests in his opposition that defendant's motion for attorneys' fees should be denied because plaintiff was, in fact, the prevailing party. (*See generally* Doc. No. 19.) Plaintiff's argument is premised on his assertion that he achieved some of the benefit he sought in bringing the suit. (*Id.* at 5–6). The court need not delve into the merit of plaintiff's arguably frivolous argument because this motion can be resolved on other grounds.

The court has considered the extensive factual and procedural records of plaintiff's lawsuits, as well as the relevant authority governing the awarding of attorneys' fees to a prevailing defendant in civil rights cases. While the pending motion presents a close call in the undersigned's view[1], the court will deny defendant's motion for attorneys' fees because the application of *res judicata*, while ultimately successful, was not immediately obvious. The court further declines to grant defendant's motion in light of the well-established principle that awarding prevailing defendants such fees in Title VII actions is generally disfavored.

In granting defendant's motion to dismiss, the then-assigned district judge specifically found that *res judicata* barred paragraphs 12 through 47 of the complaint. (Doc. No. 15 at 13.) While district courts within the Ninth Circuit have both granted and denied motions for attorneys' fees brought by prevailing defendants where the plaintiffs' claims were found to be barred by *res*

/////
/////
/////
/////
/////
/////

---

[1] Plaintiff would be well-served to take heed of the court's observation in this regard.

4

*judicata*[2], here, it was not immediately obvious that the doctrine applied. Although defendant was successful in arguing that *res judicata* barred most of this third action brought by plaintiff, the remaining "new" allegations were deemed insufficient because they were either extensions of previously dismissed claims or failed to state cognizable federal claims. (*Id.* at 13–20.) Moreover, it is appropriate for the court to remain cautious about chilling future Title VII actions. *See Bruno's Restaurant*, 13 F.3d at 287 (citations omitted).

To determine whether a defense fee award is appropriate, this court must analyze the plaintiff's reasonable belief at the beginning of litigation. *Zetwick*, No. 2:12-cv-02486-TLN-AC, 2015 WL 5600349, at *2 (citing *Bruno's Restaurant*, 13 F.3d at 288–90). In this case, the undersigned cannot definitively conclude that plaintiff lacked a reasonable belief that he was presenting a non-frivolous claim to this court. Defendant maintains that this entire lawsuit was frivolous "at its inception," given that all of plaintiff's federal claims were dismissed with prejudice. (Doc. No. 18-1 at 4.) In his complaint, plaintiff alleged he "was subjected to unwanted harassing conduct because he was a male and of age, in the context of criminal charges being dismissed against plaintiff." (Doc. No. 1 ¶ 67.) He further alleged that since he had been reinstated to his faculty position, he had been shunned by other faculty members and was given less-than-desirable course schedules. (*See, e.g.*, *id.* ¶¶ 17, 68.) Defendants do not appear to dispute these allegations in all respects, but rather, argued that the claims asserted by plaintiff in this action were barred by *res judicata* or that they failed to state a cognizable claim, including

---

[2] *See Sengupta v. Univ. of Alaska Fairbanks*, 336 F. App'x 751, 752–53 (9th Cir. 2009) (affirming award of attorneys' fees where the plaintiff's claims were deemed frivolous because they had already been resolved by prior judgments); *Davidson v. Culver City*, 159 F. App'x 756, 759 (9th Cir. 2005) (same); *Stokes v. City of Visalia*, No. 1:17-cv-01350-SAB, 2018 WL 4030732, at *6 (E.D. Cal. Aug. 21, 2018) (same). *But see Minor v. Fedex Office & Print Servs., Inc.*, 205 F. Supp. 3d 1081, 1088–90 (N.D. Cal. 2016) (declining to grant prevailing defendant attorneys' fees in Americans with Disabilities Act and California's Fair Employment and Housing Act case where the claims were barred by *res judicata*, but noting that plaintiff was proceeding *pro se*); *Lenk v. Monolithic Power Sys., Inc.*, No. 16-cv-02625-BLF, 2018 WL 50026, at *4 (N.D. Cal. Jan. 19, 2018) (granting-in-part a prevailing defendant's attorneys' fees motion once it became clear that plaintiff's claims were barred by *res judicata*, but denying-in-part where *pro se* plaintiff may have "reasonably believed that the EEOC right-to-sue letter supported additional claims against [defendant]" despite defendant's counsel's warning that such claims were barred).

1  failing to adequately plead plaintiff's membership in a protected class, causation, or severe or
2  pervasive enough conduct to alter the conditions of employment.  (*See* Doc. 8-1 at 21–24.)
3  　　　　As mentioned, plaintiff's complaint repeated numerous allegations from his previously
4  dismissed complaints, yet plaintiff did include "new" allegations in the complaint filed in this
5  action which he contended represented "new and ongoing wrongs" that defendant caused.  (Doc.
6  No. 10 at 1.)  The then-assigned district judge engaged in a detailed analysis of how *res judicata*
7  applies under such circumstances, namely, where new allegations are mixed in with ones that are
8  repetitive of previously dismissed claims.  (Doc. No. 15 at 13–20.)  Ultimately, the court held that
9  plaintiff's "new" allegations were either extensions of prior dismissed claims or failed to state
10 cognizable federal claims.  (Doc. No. 15.)  For example, the court held plaintiff's "new" claims
11 that the school failed to publicize plaintiff's faculty award on a lobby TV did not rise to the level
12 of an adverse employment action and therefore, was not material to any viable claim.  (*Id.* at 18.)
13 Moreover, the court held that another faculty member's sharp questioning of plaintiff's
14 Halloween costume also did not rise to the level of an adverse employment action.  (*See id.*)  Of
15 course, even when the law or facts "appear questionable or unfavorable at the outset, a party may
16 have an entirely reasonable ground for bringing suit."  *Id.*  Therefore, the undersigned cannot
17 definitively conclude that plaintiff lacked any reasonable belief that his complaint filed in this
18 case set forth cognizable discrimination claims.
19 　　　　Overall, while the previously-assigned district judge provided a detailed reasoning
20 explaining why most of plaintiff's complaint was barred by *res judicata* and that any "new"
21 allegations failed to state cognizable federal claims, thereby warranting dismissal with prejudice,
22 it cannot be concluded that it was entirely clear that this case was "frivolous, unreasonable, or
23 without foundation" at the outset.  *See Christiansburg*, 434 U.S. at 421.  In light of this
24 conclusion and given courts' general reluctance to award prevailing defendants attorneys' fees in
25 Title VII cases, the court will deny defendant's motion for attorneys' fees.[3]

---

27 [3] Defendant objects on various grounds to plaintiff's declaration filed in connection with his
   opposition to the pending motion.  (Doc. No. 21-1.)  The court agrees plaintiff's statements in his
28 declaration are irrelevant and therefore did not consider them in reaching this decision.

**CONCLUSION**

For the reasons set forth above, the court denies defendant's motion for attorneys' fees (Doc. No. 18).

IT IS SO ORDERED.

Dated:   **August 18, 2020**

_____
UNITED STATES DISTRICT JUDGE